UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TARA WILLIAMS** ) | | |
| ) | Case Number | |
| **Plaintiff** ) | | |
| ) | **CIVIL COMPLAINT** | |
| vs. ) | | |
| ) | | |
| ) | | |
| **GC SERVICES, LP** ) | | |
| ) | **JURY TRIAL DEMANDED** | |
| **Defendant** ) | | |
| ) | | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Tara Williams, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Tara Williams, (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Tara Williams, (hereafter, Plaintiff) is an adult natural person residing at 835 Fordham Avenue, Pittsburgh, PA 15226. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, GC Services, LP, (hereafter, Defendant) at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Texas and has a principal place of business located at 6330 Gulfton Street, Suite 300, Houston, Texas 77081.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or around the month of February 2012, Plaintiff began receiving several phone calls to her place of employment from Defendant on a debt allegedly owed on a past due AES student loan account.

8. Plaintiff was said to owe a debt of approximately $70,000.

9. At that time, Defendant's agent informed Plaintiff that she must set up automatic payments in the amount of $916.00 a month.

10. Defendant's agent threatened to garnish fifteen percent (15%) of Plaintiff's wages if she refuses to pay $916.00 a month through automatic payments.

11. Plaintiff politely stated that she could not afford a payment that high.

12. Defendant's agent aggressively stated that the lowest payment they could accept was $916.00 and again threatened to garnish her wages despite never being given written notice or a right to dispute such garnishment.

13. Plaintiff was told she would be put on a loan rehabilitation program.

14. On the loan rehabilitation program, if Plaintiff made twelve (12) payments her loan would be considered in good standing and transferred back to the original creditor.

15. Plaintiff stated that she would use her tax return to start making the monthly payments once she received it, however, Plaintiff never gave the Defendant permission to take more than the coerced payments of $916.00.

16. Plaintiff was frightened when Defendant's agent became very angry and responded to Plaintiff with, "it would be in your best interest to get on the ball and make a payment".

17. In fear that Defendant would garnish her wages and terrorized by Defendant's statement, the Plaintiff proceeded with depositing a payment of $916.00 into her checking account on February 25, 2012 as was agreed.

18. On or around the month of April 2012, Defendant withdrew Plaintiff's entire tax return in the amount of approximately $5,500 without Plaintiff's permission and thereby leaving the Plaintiff struggling to make the $916.00 a month payments.

19. Plaintiff made all payments as agreed upon from February 2012 through June 2012.

20. On or around the month of July 2012, Plaintiff contacted Defendant to inquire about splitting the July payment in half.

21. Defendant's agent told Plaintiff it would be alright if Plaintiff paid half of the payment on the due date and the other half at the end of the month just as long as the payment was paid in full by the end of the month.

22. The month of July's payment was paid in full on July 27th 2012.

23. On or around the month of August 2012, Plaintiff contacted Defendant again to inquire about making a payment a week after the due date.

24. Defendant's agent once again approved Plaintiff's request and the Plaintiff paid the August payment.

25. On or around September 7, 2012, Defendant called Plaintiff to inform her that the payment in July 2012 was allegedly late.

26. Plaintiff informed Defendant's agent that she spoke to an agent in or around the month of July 2012 and that agent approved the late payment.

27. Plaintiff also informed Defendant's agent that she spoke to an agent in or around the month of August 2012 and that agent never mentioned a late payment in July 2012 regarding this account.

28. Defendant's agent stated that Defendant's computer allegedly removed Plaintiff from the loan rehabilitation program and she would need to start the loan rehabilitation program over.

29. Plaintiff asked Defendant's agent if there was any way she could continue the loan rehabilitation program that Plaintiff had already began considering the July 2012 was paid in the same month as approved by Defendant's agent.

30.     Defendant's agent became very angry and began harassing Plaintiff by stating "You keep talking over me!", "No wonder you get nowhere!", and "Do you even want to be in the loan program?"

31.     Plaintiff was extremely upset by the way Defendant's agent treated Plaintiff so she asked to speak to a supervisor.

32.     Plaintiff once again explained to the supervisor that she spoke to an agent in or around the month of July 2012 and that agent approved the late payment.

33.     The Defendant began scolding Plaintiff in an aggressive manner stating "your car payment is too high", "You are paying too much on groceries, why don't you cut back", " I have two children and we take public transportation and so should you!"

34.     Defendant continued to state that if Plaintiff makes another six (6) payments of $916.00 a month, Plaintiff would be re-approved for the loan rehabilitation program.

35.     Plaintiff has continued to struggle make payments according to the payment arrangement and the payments have been accepted.

36.     Defendant acted in a false, deceptive, misleading and unfair manner by taking action that it stated it would not take for the purpose of coercing Plaintiff to pay the debt.

37.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

38.     At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

39. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

40. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

41. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I – FDCPA

42. The above paragraphs are hereby incorporated herein by reference.

43. At all times relevant hereto, Defendant, were attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

44. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§§ 1692d: Any conduct the natural consequence is to harass, oppress or abuse any person

§§ 1692d(5): Caused the phone to ring or engaged anyone in telephone conversations repeatedly

| | |
|---|---|
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Law Office of Curtis O. Barnes, for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

45. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

46. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

47. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

48. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

49. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

50. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

51. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

52. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW
## ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

53. The foregoing paragraphs are incorporated herein by reference.

54. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

55. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

56. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

　　a.　Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

　　b.　Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

　　c.　Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

57. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

58. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

　　a.　An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date:  October 26, 2012**

BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
bvullings@vullingslaw.com